UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNG VAN TRAN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 14-12580-LTS |
| MICHAEL THOMPSON, | ) |
| Respondent. | ) |

ORDER ON RESPONDENT'S MOTION TO DISMISS (DOC. NO. 11)

November 20, 2015

SOROKIN, J.

Dung Van Tran, a prisoner at the Massachusetts Correctional Institution in Concord, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. The respondent has moved to dismiss the petition, arguing it is untimely under § 2244(d). Doc. Nos. 11, 12. Because the statute of limitations analysis is somewhat unusual here, given the procedural history of this case in the state courts, counsel was appointed to review the issue and provide supplemental briefing. Doc. No. 18. Briefing is now complete and the motion is ripe for disposition. Doc. Nos. 22, 27. For the reasons that follow, the respondent's motion is ALLOWED, and the petition is DISMISSED.

I.   BACKGROUND

On March 2, 2009, following a jury trial, Tran was convicted of seven crimes arising from a fire he set inside the apartment of his estranged wife, seriously injuring his one-year-old

daughter and her caretaker.[1]  Doc. No. 1 at 1; Commonwealth v. Tran, 972 N.E.2d 1, 4 (Mass. 2012).  Each crime was charged in a separate indictment, as is common practice in Massachusetts state criminal courts.[2]  See Doc. No. 15 at 2 (listing indictment numbers); see also Doc. No. 27 at 3 (distinguishing between federal practice of charging multiple counts in a single indictment and state practice of returning separate indictments for each charge).  The trial judge imposed individual sentences on each conviction – forty-to-fifty years in prison for armed home invasion, a series of shorter sentences on the remain charges, all of which ran concurrently with the home invasion term, and a ten-year probationary period to follow his release.  Tran, 972 N.E.2d at 4 n.3; see Doc. No. 1-1 at 25-26 (listing each sentence and reflecting a separate mittimus issued as to each conviction).

Tran appealed.  Tran, 972 N.E.2d at 5.  The Supreme Judicial Court ("SJC") vacated two of Tran's convictions (both charges of assault with intent to murder), and "remand[ed] those indictments for a new trial."[3]  Id. at 5.  However, it affirmed Tran's other five convictions and the associated sentences.  Id.  The SJC issued its decision on July 26, 2012.  Id. at 1.  Tran did not seek rehearing before the SJC, nor did he petition the Supreme Court for certiorari as to the portion of the case affirmed by the SJC.  Doc. No. 1 at 3.

Proceedings concerning the two convictions vacated by the SJC resumed in the Superior Court after the appellate decision.  Doc. No. 1-1 at 27-28.  On July 17, 2013, after a series of

---

[1] The charges were: armed home invasion, arson of a dwelling, two counts of aggravated assault and battery by means of a dangerous weapon, assault and battery by means of a dangerous weapon, and two counts of armed assault with intent to murder.  Tran 972 N.E.2d at 4.
[2] All but one of the relevant indictments were returned on March 28, 2007; the indictment for armed home invasion, a charge which arose from the same series of events and ultimately led to Tran's longest sentence, was returned separately on October 31, 2008.  Doc. No. 15 at 2.
[3] The SJC transferred the case from the Appeals Court on its own motion.  Tran, 972 N.E.2d at 5.

status listings and continuances, the Commonwealth nolle prossed those two charges.[4]  Id. at 28; Doc. No. 1 at 3.  No further proceedings transpired in state court related to this case.  Doc. No. 1-1 at 28.  Tran remains in custody serving sentences associated with the five convictions which the SJC affirmed; his aggregate sentence was unaffected by the vacatur and subsequent withdrawal of the assault with intent to murder charges.  See Tran, 972 N.E.2d at 4 n.3; Doc. No. 12 at 2 & n.2.

On June 9, 2014 – within one year of the withdrawal of the two remanded charges, but nearly two years after the SJC's decision affirming the remainder of Tran's convictions and sentences – Tran filed a pro se petition for habeas corpus in this Court.  Doc. No. 1.  In it, he raises the same claims he advanced on direct appeal to the SJC:[5]

> (1) violations of his constitutional "right against self incrimination" arising from the admission of confidential communications between Tran and his psychiatrist;
>
> (2) violations of his constitutional "right to be judged by [a] reasonable doubt standard" as to the charge of arson;
>
> (3) violations of his constitutional "right to notice of the charges against [him] and [his] . . . right to be judged by [a] reasonable doubt standard" arising from the admission of prior bad act evidence; and
>
> (4) violations of his constitutional "right to be judged by [a] reasonable doubt standard" as to the charges of armed home invasion, armed assault with intent to murder, assault and battery by means of a dangerous weapon, and aggravated assault and battery by means of a dangerous weapon.

Doc. No. 1 at 5-10.  Tran's petition, however, is approximately seven months too late.

---

[4] Under state law, the Commonwealth was obligated to retry Tran or dismiss the remanded charges within one year of the SJC's rescript, a deadline which was approaching when the nolle pros entered.  See Mass. R. Crim. P. 36(b)(1)(D).

[5] Insofar as these claims attack the two convictions which have been vacated and the related charges nolle prossed, they are DISMISSED, as Tran is not "in custody pursuant to the judgment of a State court" on those charges.  See 28 U.S.C. § 2254(a).

II.     DISCUSSION

    A.     Start of Limitation Period

The respondent's motion in this case turns on how the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs Tran's petition, applies to a case in which certain of the petitioner's underlying convictions and sentences were affirmed by the Massachusetts state courts on direct review, while others were vacated, remanded, and the charges ultimately withdrawn. Tran urges that the limitation period did not begin until July 17, 2013, the date on which the remanded charges were nolle prossed, and that this start date applies even with respect to challenges he brings to the affirmed convictions and sentences. The law does not support Tran's view.

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[6] § 2244(d)(1)(A). It is well-settled that "'judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (per curiam) (quoting Berman v. United States, 302 U.S. 211 (1937)). Thus, the limitation period for federal habeas purposes does not begin until "both [the relevant] conviction *and* sentence" become final. Id. (emphasis in original). Further, where a petitioner pursues his direct appeal to the state's highest court, but does not petition the United States Supreme Court for review, his conviction becomes "final" for purposes of § 2244 when the time for seeking certiorari expires, i.e., ninety days after

---

[6] Tran does not argue, nor do the facts set forth in his petition demonstrate, that the limitation period was triggered by any other event. See § 2244(d)(1)(B)-(D) (identifying other dates after the conclusion of direct review which can, in appropriate circumstances, mark the beginning of the one-year limitation period).

the ruling by the state's highest court.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012); Sup. Ct. R. 13(1).

Here, the SJC affirmed the five convictions pursuant to which Tran remains in custody, and which Tran challenges in his federal habeas petition, on July 26, 2012.  Tran, 972 N.E.2d at 1, 5.  The SJC neither vacated the sentences imposed as to those charges, nor did it explicitly permit the trial court to revisit those sentences in connection with its remand of the other two charges.  Id. at 5, 16.  Indeed, Tran's direct appeal – like his pending habeas petition – included no challenges to his sentences.  Id. at 5; Doc. No. 1 at 5-10.  The trial court did not revisit Tran's sentences after the remanded charges were nolle prossed, nor did Tran seek resentencing in light of the disposition of those charges.  See Doc. No. 1-1 at 28.  Although Tran suggests in his supplemental brief that the disposition of the remanded charges "could have resulted in the entry of additional sentences . . . altering the sentence for the incident," Doc. No. 22 at 5, he stops short of arguing – and cites no authority demonstrating – that the state court could have amended its sentences on the affirmed convictions, given the limited scope of the SJC's remand.  Cf. Commonwealth v. Scott, 22 N.E.3d 171, 174 & n.6 (Mass. App. Ct. 2015) (distinguishing between cases in which the SJC remands "to resentence 'anew' on a clean slate as to all convictions" and those in which only certain components of a set of convictions or sentences are challenged or vacated on appeal); Commonwealth v. Leggett, 978 N.E.2d 563, 568 (Mass. App. Ct. 2012) (discussing compound sentencing schemes and noting ability of appellate courts to remand for resentencing on all charges where one of several convictions is upset on appeal).

The result here turns on an apparent distinction between practices in Massachusetts state criminal proceedings and those in federal (and various other state) criminal courts.  Federal criminal cases normally begin with a single indictment, featuring multiple charges, and end with

a unitary judgment, including multiple dispositions and sentences related to those charges. See, e.g., United States v. Dodson, 291 F.3d 268, 272 (4th Cir. 2002) (noting "longstanding practice under the Federal Rules of Criminal Procedure" whereby "a single 'judgment of conviction' arises from a case . . . in which a defendant is convicted at one trial on multiple counts of an indictment"). Here, however, the Massachusetts grand jury returned multiple, separate indictments, each describing one charge arising from the same set of facts, and the trial concluded with a series of convictions and sentences described in separate mittimuses rather than a single judgment. Doc. No. 1-1 at 25-26; Doc. No. 15 at 2. These circumstances, in combination with the limited scope of the SJC's vacatur and remand, materially alter the analysis of when the limitation period governing Tran's federal habeas petition began to run. Absent a showing that the SJC's decision somehow would have permitted the trial court to revisit the untouched components of Tran's sentence, there is no basis for finding the relevant portion of Tran's judgment was not conclusively resolved by the SJC's decision.[7]

Accordingly, the sentences imposed by the trial judge on the five convictions that are the subject of Tran's habeas petition became final upon the expiration of the time period for seeking certiorari review of the SJC's decision by the United States Supreme Court, i.e., on October 24,

---

[7] As the respondent observes, any claims that might have arisen after the SJC's remand – whether challenges to plea proceedings or a new trial held on the two remaining charges – would have been separate challenges to new proceedings, properly raised in a separate appeal and habeas petition. Such challenges would not have duplicated claims raised here, as the new proceedings could not have altered the affirmed convictions and sentences; similarly, they would not present questions of second-or-successive petitions where a distinct final judgment would enter as a result of the new proceedings. See Doc. No. 27 at 5.
    Further, as to the affirmed convictions and sentences, the claims Tran presents here have been exhausted in state court, having been presented to, and decided on the merits by, the SJC. See generally Tran, 972 N.E.2d 1.
    The Court is not, however, persuaded by the respondent's suggestion that the SJC's remand was for "ministerial purposes" only. Doc. No. 12 at 7. Although the remanded charges ultimately were nolle prossed, that apparently was based on the prosecutor's discretion and does not alter the fact that the SJC's decision contemplated a new trial on the remanded indictments.

2012.[8] Tran had one year from that date – until October 24, 2013 – to file a timely federal habeas petition. Because Tran's petition was filed on June 9, 2014, more than seven months after the relevant convictions and sentences became final for federal habeas purposes, it is untimely and subject to dismissal unless Tran is entitled to statutory or equitable tolling of the limitation period.

          B.     Tolling

The AEDPA explicitly allows for tolling of its one-year limitation period in only one set of circumstances: when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Tran has not suggested, let alone established, that his limitation period was subject to statutory tolling on this basis. The record does not reflect that Tran ever pursued state post-conviction proceedings which would have triggered application of the statutory tolling provision. See generally Doc. No. 12-1.

Thus, the only remaining avenue for saving Tran's untimely petition from dismissal is the doctrine of equitable tolling. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010)

---

[8] This result follows from the language of the statute, the caselaw interpreting it, the scope of the SJC's decision in this case, and the particularities of criminal trial practice in Massachusetts. Tran, however, apparently assumed he faced one case, which did not conclude until the two remanded charges were nolle prossed. Although the operation of the limitation period in § 2244 in this context might not square with a pro se defendant's expectations, the law in this regard does not accommodate Tran's mistaken belief. Where the judgments that hold a person in state custody are affirmed on appeal and are not – indeed, cannot be – subsequently modified by a trial or appellate court, the decision affirming the conviction and sentence is the marker of finality that initiates the running of the statute of limitations. Tran's misapprehension of how the limitation period applied to his case, if relevant at all, bears only on whether that period should be equitably tolled. See discussion § II(B), infra.

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); accord Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010). "[E]quitable tolling 'is the exception rather than the rule.'" Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Delaney, 264 F.3d at 14); see Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (noting equitable tolling is only "rare[ly]" appropriate).

The diligence standard required by the doctrine of equitable tolling is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653 (internal citations and quotations omitted). Extraordinary circumstances, for equitable tolling purposes, require more than "'garden variety' or 'excusable neglect,'" id. at 651, but less than gross negligence coupled with "'bad faith, dishonesty, divided loyalty, mental impairment, or so forth on the lawyer's part,'" id. at 649 (quoting Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008), and its "rigid" extraordinary circumstances standard). The Supreme Court has rejected the contention that miscalculation of the relevant limitation period justifies equitable tolling in the postconviction context.[9] Lawrence v. Florida, 549 U.S. 327, 336 (2007). As the petitioner, Tran "bears the burden of establishing a basis for equitable tolling." Trapp, 479 F.3d at 59.

Tran has failed to identify any circumstances warranting equitable tolling here, and the Court's review of the parties' submissions has uncovered none. The only reason offered by Tran for his late filing is his misunderstanding of how the limitation period applied to his case, in light of the SJC's partial remand. Doc. No. 22 at 6-7; see Trapp, 479 F.3d at 60 ("In applying the equitable tolling doctrine, an important factor is the reason for the late filing."). The Supreme Court's decisions discussing equitable tolling in the habeas context simply do not support invoking the doctrine on that basis. E.g., Lawrence, 549 U.S. at 336. Tran understood that his charges arose from separate indictments and carried separate sentences, Doc. No. 15 at 2-3, and

---

[9] In Lawrence, the miscalculation was committed by counsel, but constructively attributable to the petitioner. 549 U.S. at 336; accord Holland, 560 U.S. at 656.

the limited nature of the SJC's remand was clear from the plain language of its decision, Tran, 972 N.E.2d at 5, 16. Following the withdrawal of the remanded claims, Tran did not seek – and the trial court did not initiate – resentencing on the affirmed convictions, Doc. No. 1-1 at 28, suggesting all parties understood that no such proceedings were permitted by the SJC's remand.

Moreover, Tran had more than three months following the date on which the remanded charges were nolle prossed before his federal limitation period expired on October 24, 2013. Had he been reasonably diligent in preparing and filing his federal habeas petition – which merely repeats those claims which he advanced on his direct appeal – he could have made a timely filing in this Court, even having waited to learn of the disposition of the two remanded indictments. Nothing beyond his control prevented him from doing so or required him to wait until the following June to complete his federal petition.

On these facts, Tran has not satisfied his burden of demonstrating that this is one of the rare cases in which invocation of the doctrine of equitable tolling is appropriate. As such, the time-limiting provisions of AEDPA require that Tran's petition be dismissed with prejudice.

III.   CONCLUSION

For the foregoing reasons, Tran's petition is untimely under § 2244(d), the respondent's motion is ALLOWED, and the petition is DISMISSED.

In light of the unusual application of the limitation period to this case – given the specific contours of Massachusetts state criminal practice (i.e., the use of separate indictments and entry of separate mittimuses), the limited nature of the SJC's decision in Tran's case (i.e., remanding for retrial of two serious charges without allowing for resentencing on the other charges), the dearth of federal appellate decisions examining circumstances like those presented here, and the appeal of Tran's position from an equitable standpoint – the Court finds that "reasonable jurists"

could "debate whether . . . the petition should have been resolved in a different manner." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability shall issue on the question of whether Tran's petition is time-barred under the circumstances presented here.

        SO ORDERED.

        <u>/s/ Leo T. Sorokin</u>
        Leo T. Sorokin
        United States District Judge